UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

GILBERT RYAN RAYNOR,

    Plaintiff,

    v.                                            Civil Action No. 2:24cv564 (EWH)

ISRAEL, *et al.*,

    Defendants.

## ORDER TO SHOW CAUSE

Plaintiff Gilbert Ryan Raynor ("Plaintiff"), appearing *pro se*, submitted an Application to Proceed in District Court Without Prepaying Fees or Costs ("IFP Application"),[1] along with a proposed Complaint. IFP Appl., ECF No. 1; Proposed Compl., ECF No. 1-1. Upon review of the financial information submitted by Plaintiff, the Court is satisfied that Plaintiff qualifies for *in forma pauperis* status. Accordingly, Plaintiff's IFP Application, ECF No. 1, is GRANTED, and the Clerk is DIRECTED to file Plaintiff's Complaint. However, the Court finds that Plaintiff's Complaint suffers from defects that must be addressed before this action may proceed.

Plaintiff's Complaint is difficult to decipher. The Complaint does not adequately establish that subject matter jurisdiction is proper in this Court, does not clearly identify the specific claims that Plaintiff intends to assert in this action, does not clearly explain the factual basis for this lawsuit, and appears to be legally and/or factually frivolous. *See* Compl. at 1–6. For these reasons, Plaintiff's Complaint is subject to dismissal. *See* Fed. R. Civ. P. 12(h)(3) (explaining that the Court

---

[1] When a party proceeds in district court without prepaying fees or costs, it is said that the party is proceeding *in forma pauperis*. As such, the Court will refer to Plaintiff's fee waiver application as an "IFP Application."

1

must dismiss an action if it "determines at any time that it lacks subject-matter jurisdiction"); *see also* 28 U.S.C. § 1915(e)(2) (explaining that when a plaintiff is granted authorization to proceed *in forma pauperis*, the Court is obligated to dismiss the action if it is frivolous or fails to state a claim on which relief may be granted).

In deference to Plaintiff's *pro se* status, the Court will not yet dismiss this action. Instead, Plaintiff is ORDERED to SHOW CAUSE why this action should not be dismissed by filing an Amended Complaint within thirty (30) days of the date of entry of this Order to Show Cause. Plaintiff is ADVISED that the Amended Complaint will supersede the initial Complaint and will become the operative complaint in this action. As such, the Amended Complaint must:

(i) be clearly labeled as Plaintiff's Amended Complaint;
(ii) clearly identify the named Defendant;
(iii) clearly state, with specificity, each claim that Plaintiff intends to assert against Defendant;
(iv) clearly identify a valid basis for the Court's jurisdiction over all asserted claims; and
(v) clearly set forth all factual allegations upon which each asserted claim is based.

Plaintiff is FURTHER ADVISED that this case may be dismissed if Plaintiff fails to comply with the terms of this Order to Show Cause. *See* Fed. R. Civ. P. 41(b) (explaining that the Court may dismiss an action when a plaintiff fails to prosecute an action or fails to comply with an Order of the Court).

In addition to the instructions set forth above, the Clerk is DIRECTED to send a copy of this Order to Show Cause to Plaintiff.

It is SO ORDERED.

/s/
_____
Elizabeth W. Hanes
United States District Judge

Norfolk, Virginia
Date: October 21, 2024

2